# ATTACHMENT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made as of January 1, 2024, by and between Maxim Healthcare Staffing Services, Inc. and Maxim Healthcare Services Holdings, Inc. ("Plaintiffs"), and Defendant David Coats ("Defendant"). Together, Plaintiffs and Defendant may hereinafter be referred to, collectively, as the "Parties" and each, individually, as a "Party."

## RECITALS

A.      On August 11, 2023, Plaintiffs commenced a lawsuit in the United States District Court for the District of Maryland (the "Court"), Case No. 1:23-cv-02194-SAG (herein the "Lawsuit") against Defendant to recover a $484,180.40 payment made to Defendant pursuant to the Maxim Healthcare Services Holdings, Inc. Incentive Investment Plan ("IIP"), an ERISA plan, and to obtain a declaration that Defendant did not earn and was not entitled to further payment pursuant to the IIP.

B.      In the Lawsuit, Plaintiffs alleged Defendant did not comply with the terms and conditions of the IIP necessary to earn and be entitled to payment pursuant to the IIP. Plaintiffs alleged Defendant failed to comply with Paragraphs 9(1), (2), (3), (5), and (6) of the IIP by engaging in certain competitive activity on behalf of a competitor of Plaintiffs in violation of the IIP.

C.      As a result of Defendant's alleged failure to comply with the terms of the IIP, Plaintiffs brought claims against Defendant pursuant to ERISA § 502(a)(3) and for unjust enrichment, seeking return of the $484,180.40 payment that was not earned by Defendant and for a declaration that Defendant did not earn and was not entitled to further payment pursuant to the IIP.

D.      The Parties have each independently determined to resolve between them all issues raised in the Lawsuit or which could have otherwise been raised in the Lawsuit, all as provided in this Settlement Agreement, and to avoid the time and expense of further litigation, and the uncertainty of the outcome of continued litigation.

E.      This Settlement Agreement is executed as a compromise of disputed matters, liability for which is expressly denied by Defendant. By entering into this Settlement Agreement, the Parties do not admit any liability, nor do the Parties intend it to be construed as such.

## PROVISIONS

NOW, THEREFORE, in consideration of the foregoing Recitals, the covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      Contemporaneously with the execution and exchange of this Settlement Agreement, Defendant shall sign and deliver to counsel for Plaintiffs an executed and notarized original of the Consent Judgment attached hereto as **Exhibit A** (the "Consent Judgment"), entering Judgment in favor of Plaintiffs and against Defendant as of January 1, 2024. The Consent Judgment shall not be filed with the Court except as permitted pursuant to Section 4 below.

2.      Defendant shall pay to Plaintiffs the total sum of $484,180.40 (the "Settlement Amount") in lawful money of the United States of America, in twelve separate payments as follows:

(i)      $40,348.37 shall be paid to Plaintiffs on or before July 1, 2024;

(ii)     $40,348.37 shall be paid to Plaintiffs on or before December 31, 2024;

(iii)    $40,348.37 shall be paid to Plaintiffs on or before July 1, 2025;

(iv)     $40,348.37 shall be paid to Plaintiffs on or before December 31, 2025;

(v)      $40,348.37 shall be paid to Plaintiffs on or before July 1, 2026;

(vi)     $40,348.37 shall be paid to Plaintiffs on or before December 31, 2026;

(vii)    $40,348.37 shall be paid to Plaintiffs on or before July 1, 2027;

(viii)   $40,348.37 shall be paid to Plaintiffs on or before December 31, 2027;

(ix)     $40,348.37 shall be paid to Plaintiffs on or before July 1, 2028;

(x)      $40,348.37 shall be paid to Plaintiffs on or before December 31, 2028;

(xi)      $40,348.37 shall be paid to Plaintiffs on or before July 1, 2029, and;

(xii)    $40,348.37 shall be paid to Plaintiffs on or before December 31, 2029

(each a "Settlement Payment"). Time is of the essence in payment of each Settlement Payment, which must be received by Plaintiffs on or before the due date identified in Section 2. Early or advanced payment is permitted for each Settlement Payment without any penalties. If any Settlement Payment is not timely paid, Defendant consents to the entry of the Consent Judgment. In addition, if Defendant fails to timely make any full Settlement Payment pursuant to the payment schedule provided in Section 2 of this Settlement Agreement, the remaining full Settlement Amount shall immediately become due and owing to Plaintiffs, notwithstanding the payment schedule provided in Section 2 of this Settlement Agreement. Each Settlement Payment shall be paid to "Maxim Healthcare Staffing Services, Inc." by check sent to the following address: Maxim Healthcare Staffing Services, Inc. Treasury Department, Care of Joanne Anderlik, 7227 Lee Deforest Dr, Columbia, Maryland 21046. Plaintiffs, through their counsel, Husch Blackwell, may at any time provide Defendant with updated instructions regarding the entity each Settlement Payment is to be paid to and the address to which the check is to be sent by providing written instructions identifying any such changes sent to the following email address: rstines@sgrlaw.com. Upon notification from Husch Blackwell, and only notification from Husch Blackwell, Defendant shall thereafter make all Settlement Payments consistent with the updated instructions.

3.      Within seven (7) days of Plaintiffs' receipt of the fully-executed Settlement Agreement, including all fully-executed Exhibits to the Settlement Agreement and the original

signed and notarized Consent Judgment, counsel for Plaintiffs shall file the fully-executed Joint Motion to Dismiss Without Prejudice and With Leave to Reinstate with the Court and Joint Proposed Order Granting Motion to Dismiss Without Prejudice and With Leave to Reinstate (**Exhibit B**), dismissing the Lawsuit without prejudice, requesting incorporation of the Settlement Agreement into the dismissal order and providing for the Court to retain jurisdiction to enforce the Settlement Agreement, and seeking leave to reinstate the action to enforce the Settlement Agreement. Contemporaneously with the execution and exchange of this Settlement Agreement, Defendant shall sign and deliver to counsel for Plaintiffs an executed version of the Joint Motion to Dismiss Without Prejudice and With Leave to Reinstate with the Court and Joint Proposed Order Granting Motion to Dismiss Without Prejudice and With Leave to Reinstate attached as **Exhibit B**.

4.     In the event Defendant fails to timely pay any full Settlement Payment, Plaintiffs are irrevocably authorized by Defendant to file the Agreed Motion to Reinstate and Enter Consent Judgment, attached hereto as **Exhibit C**, and the Consent Judgment, attached hereto as **Exhibit A**, with the Court (or any other state or federal court in the state of Maryland). Contemporaneously with the execution and exchange of this Settlement Agreement, Defendant shall sign and deliver to counsel for Plaintiffs an executed version of the Agreed Motion to Reinstate and Enter Consent Judgment, attached as **Exhibit C**. All payments received by Plaintiffs pursuant to this Settlement Agreement shall be credited to the judgment amount awarded to Plaintiffs, as set forth in the Consent Judgment, by filing a partial satisfaction of judgment within 14 days of the Court's entry of the Consent Judgment. Upon entry of the Consent Judgment, Plaintiffs may file, record, or otherwise execute on the Consent Judgment as permitted by applicable law. For the avoidance of doubt, entry of the Consent Judgment shall not prejudice Plaintiffs' right or ability to pursue a lawsuit against Defendant arising from a breach of this Settlement Agreement or for any unpaid portion of the Settlement Amount.

5.     Provided that Defendant timely complies with the provisions of Section 2 of this Settlement Agreement, Plaintiffs shall not file, record, enforce, or execute upon the Consent Judgment. Provided that Defendant timely paid the full Settlement Amount under this Settlement Agreement, upon Plaintiffs' receipt of payment in full of the Settlement Amount as set forth herein, the Consent Judgment will be deemed satisfied. Upon written request from Defendant to counsel for Plaintiffs, Tyler Hibler, by email to tyler.hibler@huschblackwell.com, the original Consent Judgment shall be returned by mail to Defendant addressed as follows: David R. Coats, 5608 TPC Boulevard, Lutz, Florida 33558.

6.     Defendant agrees to toll any and all applicable statutes of limitations and repose related to or applicable to the claims in the Lawsuit and will not assert any defenses, whether equitable, statutory, contractual, or otherwise, relating to the passage of time, including, without limitation, laches, limitations periods, and notice periods, for any and all claims in the Lawsuit.

7.     Upon the execution of this Settlement Agreement, Defendant, on behalf of Defendant and Defendant's respective past, present, and future heirs and assigns, hereby releases and forever discharges Plaintiffs and their respective affiliates, subsidiaries, officers, directors, employees, shareholders, agents, attorneys, and representatives as well as their predecessors, successors, and assigns from any and all disputes, damages, actions, liabilities, fees, losses, costs, expenses, attorneys' fees, and any other claims, known or unknown, suspected or unsuspected,

arising out of, in connection with or relating in any way to, (i) the Lawsuit (ii) any claims or counterclaims alleging Defendant is entitled to any payment pursuant to the IIP and (iii) any claims which could have been asserted in the Lawsuit; provided, however, that nothing herein shall be deemed to release the obligations of the Parties under this Settlement Agreement.

8.       Upon, and only upon, the receipt of an executed copy of this Settlement Agreement signed by Defendant <u>and</u> the receipt of timely payment in full of the Settlement Amount specified in Section 2, Plaintiffs, on behalf of themselves and their respective affiliates, parents, subsidiaries, successors, assigns, predecessors, current and former principals, officers, directors, managers, insurers, attorneys, partners, shareholders, investors, employees, members, contractors, agents, servants, controlling persons, and other representatives, release and forever discharge Defendant from any and all disputes, damages, actions, liabilities, fees, losses, costs, expenses, attorneys' fees, and any other claims, known or unknown, suspected or unsuspected, arising out of, in connection with or relating in any way to (i) the Lawsuit; and (ii) any claims or counterclaims which could have been asserted in the Lawsuit; provided, however, that nothing herein shall be deemed to release the obligations of the Parties under this Settlement Agreement or Plaintiffs' ability to file a motion or lawsuit to enforce the Settlement Agreement, to enter or enforce the Consent Judgment, or pursue claims or seek remedies for any violation of the Settlement Agreement.

9.       Notwithstanding the foregoing or any other provision herein, this Settlement Agreement, or any portion of it, shall not be deemed or considered a release of any portion of the Consent Judgment, or a release of any claims for breach of the Settlement Agreement, and nor shall this Settlement Agreement be considered a new agreement or novation with respect to the Consent Judgment in the event Defendant fails to timely pay any full Settlement Payment.

10.       Plaintiffs agree to reasonably cooperate with Defendant's counsel or tax professional to provide the Defendant or the Internal Revenue Service with any necessary documentation to evidence the form and amount of Settlement Payments for tax purposes.

11.       Defendant warrants and represents that Defendant neither has made nor suffered to be made any assignment or transfer of any rights, claims, demands, or causes of action covered by this Settlement Agreement, and that Defendant is the sole and absolute legal owner thereof.

12.       Plaintiffs warrant and represent that they neither have made nor suffered to be made any assignment or transfer of any rights, claims, demands, or causes of action covered by this Settlement Agreement, and that they are the sole and absolute legal owner thereof.

13.       Defendant agrees not to make any deliberately or maliciously false statements to others regarding any products or services of the Plaintiffs. For purposes of this section, "statements" shall include, but are not limited to, statements or remarks made verbally, in writing, electronically or otherwise.

14.       The Parties agree to take such further actions and execute and deliver such other documents as may be reasonably necessary to effectuate the provisions of this Settlement Agreement.

15.       If a court determines that any Party breached or threatened to breach this

4

Agreement, the Parties agree that in addition to any monetary damages recoverable under this Agreement and/or applicable law, the breaching party shall be liable for any costs and reasonable attorneys' fees incurred by the nonbreaching Party(ies) in enforcing this Agreement as a result of a breach or threatened breach, including obtaining equitable relief, which the parties agree is allowable and appropriate as relief. This Settlement Agreement shall not be construed in any way as an admission by either Party that it has acted wrongfully with respect to the other.

16.     This Settlement Agreement may not be amended, altered, modified or otherwise changed except in writing executed by the Parties hereto expressly stating that it is an amendment to this Settlement Agreement. This Settlement Agreement sets forth the entire agreement among the Parties hereto and supersedes any and all prior agreements or understandings among the Parties hereto relating to the subject matter hereof. This Settlement Agreement shall not be construed more strictly against any Party by virtue of the preparation hereof.

17.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties together with their respective legal representatives, successors, and assigns.

18.     If, after the date of this Settlement Agreement, any provision of this Settlement Agreement is held to be illegal, invalid, or unenforceable under the present or future laws, such provision shall be fully severable and shall in no manner affect the validity of the remaining provisions of this Settlement Agreement.

19.     Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on his, her, or its behalf is duly authorized to enter into this Settlement Agreement on behalf of such Party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

20.     The Parties hereby warrant and represent that they have read this Settlement Agreement, understand it, have consulted with their respective counsel regarding its legal effect or had the opportunity to consult with their respective legal counsel and declined to do so, and have all necessary authority to execute and deliver this Settlement Agreement.

21.     This Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of Maryland without regard to the choice of law provisions thereof. Any legal action or proceeding with respect or relating to this Settlement Agreement, including enforcement of this Settlement Agreement and entry of the Consent Judgment, may be brought in the federal or state courts located in the State of Maryland and the Parties consent to personal jurisdiction and venue in such federal or state courts located in the State of Maryland.

22.     Except as expressly stated otherwise herein, this Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement on the day and year set forth above.

**Maxim Healthcare Staffing Services, Inc.**

By: _____

Its: _Assistant general Counsel - Employment_

Date: _1/4/2024_

**Maxim Healthcare Services Holdings, Inc.**

By: _____

Its: _____

Date: _____

6

**Maxim Healthcare Staffing Services, Inc.**

By: _____

Its: _____

Date: _____


**Maxim Healthcare Services Holdings, Inc.**

By: _____

Its: _____Secretary_____

Date: _____1/5/24_____

6

**David Coats**

By: _____

Date: _____

**Exhibit A**

[Consent Judgment]

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Baltimore Division**

| | |
|---|---|
| **MAXIM HEALTHCARE STAFFING SERVICES, INC. and MAXIM HEALTHCARE SERVICES HOLDINGS, INC.,** | ) ) ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) Civil Action No. 1:23-cv-02194-SAG |
| **DAVID COATS,** | ) ) ) |
| *Defendant.* | ) ) ) |

**CONSENT JUDGMENT**

This matter is before the Court on the Joint Motion to Reinstate and for Entry of Consent Judgment filed by Maxim Healthcare Staffing Services, Inc., Maxim Healthcare Services Holdings, Inc. ("Plaintiffs"), and Defendant David Coats (the "Defendant," together with Plaintiffs, the "Parties"). Having considered the joint request and stipulation of the Parties, and the record in this matter as a whole, the Court enters the following judgment:

1.     Final Judgment is entered in favor of Maxim Healthcare Staffing Services, Inc. and Maxim Healthcare Services Holdings, Inc., and against David Coats, on Counts 1 and 2 contained within Plaintiffs' Complaint [Doc. 1] filed on August 11, 2023 (the "Complaint").

2.     Plaintiffs are awarded the amount of $484,180.40, plus interest accruing since January 1, 2024, at a rate of 5.16%, in connection with Plaintiffs' claims within Count I of the Complaint.

3.      On Count II, it is ordered and declared that Defendant David Coats has not earned and is not entitled to payment pursuant to the Maxim Healthcare Services Holdings, Inc. Incentive Investment Plan.

4.      Plaintiffs are awarded attorneys' fees and costs incurred in pursuing this action in the amount of $80,717.00, plus interest accruing since January 1, 2024, at a rate of 5.16%, pursuant to ERISA Section 502(g) (29 U.S.C. § 1132(g)).

5.      Pursuant to ERISA Section 502(g) (29 U.S.C. § 1132(g), and the agreement of the Parties, Defendant is also ordered to pay Plaintiffs' attorneys' fees and costs incurred in seeking reinstatement of this action and entry of this Consent Judgment. Plaintiffs are ordered to file a fee application delineating their fees and costs incurred in seeking reinstatement of this action and entry of this Consent Judgment within thirty (30) days of the date of entry of this Consent Judgment.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that final judgment is entered in favor of Plaintiffs Maxim Healthcare Staffing Services, Inc. and Maxim Healthcare Services Holdings, Inc., and against Defendant David Coats, in the amount of $564,897.40, plus interest accruing since January 1, 2024, at a rate of 5.16%.  It is further ordered and declared that Defendant David Coats has not earned and is not entitled to payment pursuant to the Maxim Healthcare Services Holdings, Inc. Incentive Investment Plan.

Plaintiffs are awarded their attorneys' fees and costs incurred in seeking reinstatement of this action and entry of the Consent Judgment. Plaintiffs are ordered to file a fee application delineating their fees and costs incurred in seeking reinstatement of this action and entry of this Consent Judgment within thirty (30) days of the date of entry of this Consent Judgment.

Dated: _____, 20__          Entered: _____, Judge

10

**Maxim Healthcare Staffing Services, Inc.**

**By:** _____  **Date:** 1 / 4 / 2024

**Its:** Assistant General Counsel - Employment

Subscribed and sworn to before me
this _4_ day of January, 2024.

_____
Notary Public

**Maxim Healthcare Services Holdings, Inc.**

**By:** _____  **Date:** _____

**Its:** _____

Subscribed and sworn to before me
this ___ day of January, 2024.

_____
Notary Public

**David Coats**

**By:** _____  **Date:** _____

Subscribed and sworn to before me
this ___ day of January, 2024.

_____
Notary Public

11

**Maxim Healthcare Services Holdings, Inc.**

By: _____     Date: _____
Its: _____

Subscribed and sworn to before me
this ___ day of January, 2024.

_____

Notary Public

**David Coats**

By: _____     Date: _____

Subscribed and sworn to before me
this ___ day of January, 2024.

_____

Notary Public

11

**Maxim Healthcare Staffing Services, Inc.**

**By:** _____      **Date:** _____

**Its:** _____

Subscribed and sworn to before me
this ___ day of January, 2024.

_____

Notary Public

**Maxim Healthcare Services Holdings, Inc.**

**By:** _____      **Date:** _____

**Its:** _____

Subscribed and sworn to before me
this ___ day of January, 2024.

_____

Notary Public

**David Coats**

**By:** _____      **Date:** _1-5-29_

Subscribed and sworn to before me
this _5th_ day of January, 2024.

_____Virginia Williams_____

Notary Public

VIRGINIA WILLIAMS
Notary Public - State of Florida
Commission # HH 255681
My Comm. Expires Apr 20, 2026

**Exhibit B**

[Joint Motion to Dismiss Without Prejudice and with Leave to Reinstate]

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Baltimore Division**

| | |
|---|---|
| **MAXIM HEALTHCARE STAFFING SERVICES, INC. and MAXIM HEALTHCARE SERVICES HOLDINGS, INC.,** | ) ) ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) Civil Action No. 1:23-cv-02194-SAG |
| **DAVID COATS**, | ) ) |
| *Defendant.* | ) ) ) |

## JOINT MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiffs Maxim Healthcare Staffing Services, Inc., Maxim Healthcare Services Holdings, Inc. ("Plaintiffs") and Defendant David Coats (the "Defendant") (the "Defendant," together with Plaintiffs, the "Parties") jointly move to dismiss the above-captioned action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). In support thereof, the Parties state:

1.      Plaintiffs asserted claims against Defendant pursuant to ERISA § 502(a)(3), as well as a state law unjust enrichment claim, to require Defendant to return a $484,180.40 payment that Defendant did not earn and was not entitled to under Maxim Healthcare Services Holdings, Inc. Incentive Investment Plan ("IIP"), an ERISA plan, and to obtain a declaratory judgment that Defendant did not earn and was not entitled to further payment pursuant to the IIP.

2.      The Parties have reached a settlement in this matter and the terms of the Parties' settlement agreement require Defendant to make payments to Plaintiffs over time, the last payment being due on December 31, 2029. The Settlement Agreement is attached hereto as **Attachment 1**. In the event Defendant does not timely make any of the payments in full required by the Settlement

13

Agreement, the Settlement Agreement expressly waives any statute of limitations or laches defense Defendant may have and authorizes Plaintiffs to file a Joint Motion to Reinstate this case and to enter the Consent Judgment agreed to by the Parties. *See* Attachment 1, Settlement Agreement, Exhibit A (Consent Judgment) and Exhibit C (Joint Motion to Reinstate and for Entry of Consent Judgment).

3. To effectuate the Parties' Settlement Agreement, the parties jointly request that the above-captioned lawsuit be dismissed **without** prejudice, that the Court incorporate the terms of the Settlement Agreement into its dismissal order and retain jurisdiction to enforce the Parties' Settlement Agreement, and the Court grant Plaintiffs leave to reinstate this action on or before January 31, 2031, and if not reinstated by such date, the case will be deemed dismissed with prejudice. See, e.g., *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *International Painters and Allied Trades Industry Pension Fund v. Vimas Painting Company, Inc.*, No. WDQ-10-3645, 2014 WL 3428914 (D. Md. July 10, 2024).

WHEREFORE, the Parties jointly request that the Court enter an order dismissing the Complaint in the above-captioned litigation without prejudice, incorporating the terms of the Parties' Settlement Agreement into the dismissal order and retaining the Court's jurisdiction to enforce the Parties' Settlement Agreement, and granting Plaintiffs leave to reinstate the above-captioned action on or before January 31, 2031.

Dated: _____,20____.

**HUSCH BLACKWELL LLP**

_/s/_ Michael J. Schrier
Michael J. Schrier, Esq.
D. Md. Bar No. 15967
1801 Pennsylvania Ave., NW, Suite 1000
Washington, DC 20006
T: (202) 378-2313
F: (202) 378-2319
Michael.schrier@huschblackwell.com

_Counsel for Plaintiffs Maxim Healthcare_
_Staffing Services, Inc., and_
_Maxim Healthcare Services Holdings, Inc._

-AND-

**David Coats**

David Coats
5608 TPC Blvd.
Lutz, Florida 33558

_David Coats_

15

**HUSCH BLACKWELL LLP**

*/s/*_____
Michael J. Schrier, Esq.
D. Md. Bar No. 15967
1801 Pennsylvania Ave., NW, Suit 1000
Washington, DC 20006
T: (202) 378-2313
F: (202) 378-2319
Michael.schrier@huschblackwell.com

*Counsel for Plaintiffs Maxim Healthcare*
*Staffing Services, Inc., and*
*Maxim Healthcare Services Holdings, Inc.*

-AND-

**David Coats**

_____
David Coats
5608 TPC Blvd.
Lutz, Florida 33558

*David Coats*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed electronically on _____, and has been served via U.S. First-Class Mail, postage prepaid, to the following address:

David Coats
5608 TPC Blvd.
Lutz, Florida 33558

By:_____

16

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Baltimore Division**

|  |  |
|---|---|
| **MAXIM HEALTHCARE STAFFING SERVICES, INC. and MAXIM HEALTHCARE SERVICES HOLDINGS, INC.,** | ) ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) Civil Action No. 1:23-cv-02194-SAG |
| **DAVID COATS**, | ) ) ) |
| *Defendant.* | ) ) ) |

**[JOINT PROPOSED] ORDER GRANTING JOINT MOTION TO DISMISS WITHOUT PREJUDICE**

The Court has considered the Parties' Joint Motion to Dismiss Without Prejudice and determined that the motion should be GRANTED.

It is therefore ORDERED that the claims and causes of action asserted in this action by Maxim Healthcare Staffing Services, Inc. and Maxim Healthcare Services Holdings, Inc. against David Coats are hereby DISMISSED without prejudice, subject to the terms of the Parties' Settlement Agreement, the terms of which are expressly incorporated herein. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *International Painters and Allied Trades Industry Pension Fund v. Vimas Painting Company, Inc.*, No. WDQ-10-3645, 2014 WL 3428914 (D. Md. July 10, 2024). This Court retains jurisdiction to enforce the Parties' Settlement Agreement and Plaintiffs are granted leave to reopen this action on or before January 31, 2031, in a manner consistent with the Parties' Settlement Agreement. If Plaintiffs do not move to reinstate this action on or before January 31, 2031, this case will be automatically dismissed with prejudice.

17

SIGNED this _____ day of _____, 2024

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

**HUSCH BLACKWELL LLP**

_____
*/s/* Michael J. Schrier
Michael J. Schrier, Esq.
D. Md. Bar No. 15967
1801 Pennsylvania Ave., NW, Suite 1000
Washington, DC 20006
T: (202) 378-2313
F: (202) 378-2319
Michael.schrier@huschblackwell.com

*Counsel for Plaintiffs Maxim Healthcare*
*Staffing Services, Inc., and*
*Maxim Healthcare Services Holdings, Inc.*

-AND-

**David Coats**

_____
David Coats
5608 TPC Blvd.
Lutz, Florida 33558

*David Coats*

SIGNED this _____ day of _____, 2024

_____
UNITED STATES DISTRICT JUDGE


APPROVED AS TO FORM AND CONTENT:

**HUSCH BLACKWELL LLP**


_/s/_____
Michael J. Schrier, Esq.
D. Md. Bar No. 15967
1801 Pennsylvania Ave., NW, Suit 1000
Washington, DC 20006
T: (202) 378-2313
F: (202) 378-2319
Michael.schrier@huschblackwell.com

*Counsel for Plaintiffs Maxim Healthcare
Staffing Services, Inc., and
Maxim Healthcare Services Holdings, Inc.*

-AND-

**David Coats**
_____
David Coats
5608 TPC Blvd.
Lutz, Florida 33558

*David Coats*

18

**Exhibit C**

[Joint Motion to Reinstate and for Entry of Consent Judgment]

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| **MAXIM HEALTHCARE STAFFING SERVICES, INC. and MAXIM HEALTHCARE SERVICES HOLDINGS, INC.,** | ) ) ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) Civil Action No. 1:23-cv-02194-SAG |
| | ) |
| **DAVID COATS,** | ) ) |
| *Defendant.* | ) ) ) |

**JOINT MOTION TO REINSTATE AND FOR
ENTRY OF CONSENT JUDGMENT**

Plaintiffs Maxim Healthcare Staffing Services, Inc., Maxim Healthcare Services Holdings, Inc. ("Plaintiffs") and Defendant David Coats (the "Defendant," together with Plaintiffs, the "Parties"), jointly move to reopen the above-captioned litigation and to enter Consent Judgment, and in support thereof, state:

1.       The Parties reached a settlement in this matter, the terms of which required Defendant to make payments over time. A true and correct copy of the Parties' Settlement Agreement is attached hereto as **Exhibit 1.**  To effectuate that settlement, the above-captioned litigation was dismissed without prejudice and the Court expressly granted Plaintiffs leave to reinstate. The terms of the Settlement Agreement were incorporated into this Court's Order of dismissal and the Court retained jurisdiction over this matter to enforce the Parties' Settlement Agreement.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *International Painters and Allied Trades Industry Pension Fund v. Vimas Painting Company, Inc.*

2.      Pursuant to terms of the Parties' Settlement Agreement, in the event Defendant failed to make a timely payment in full under the terms of the Settlement Agreement, the Parties agreed to the entry of the Consent Judgment incorporated into the Parties' Settlement Agreement and executed by Defendant before a notary, attached hereto as **Exhibit A**.

3.      By filing this Joint Motion, Plaintiffs represent that Defendant failed to make a timely payment in full pursuant to the terms of the Settlement Agreement.

The Parties, therefore, request that the above-captioned matter be reopened and that the Consent Judgment attached hereto as **Exhibit A** be entered. WHEREFORE, the Parties jointly request that the Court enter an order reopening the above-captioned matter, and enter judgment in favor of Plaintiffs and against Defendant in substantially the form attached hereto as **Exhibit A**.

Dated: _____.          Respectfully submitted,

**HUSCH BLACKWELL LLP**

/s/ Michael J. Schrier
Michael J. Schrier, Esq.
D. Md. Bar No. 15967
1801 Pennsylvania Ave., NW, Suite 1000
Washington, DC 20006
T: (202) 378-2313
F: (202) 378-2319
Michael.schrier@huschblackwell.com

Counsel for Plaintiffs Maxim Healthcare
Staffing Services, Inc., and
Maxim Healthcare Services Holdings, Inc.

-AND-

**DAVID COATS**

_____

David Coats
5608 TPC Blvd.
Lutz, Florida 33558

**[Remainder of Page Intentionally Left Blank]**

## <u>CERTIFICATE OF SERVICE</u>

   I certify that a true and correct copy of the foregoing document was filed electronically on _____ , and has been served via U.S. First-Class Mail, postage prepaid, to the following address:

David Coats
5608 TPC Blvd.
Lutz, Florida 33558

          By: *_/s/_____*

23